UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAMEX TIJUANA, INC., a California Corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION, a Washington corporation, and DOES 1 through 20, inclusive,<br><br>　　　Defendants.<br><br>AND RELATED CROSS-ACTION. | Civil No. 09CV2842 AJB(RBB)<br><br>ORDER GRANTING IN PART CINTAS CORPORATION AND TOMAMEX TIJUANA, INC.'S THIRD JOINT MOTION TO AMEND CASE MANAGEMENT CONFERENCE ORDER AND CONTINUE DISCOVERY, PRETRIAL AND TRIAL DATES [ECF NO. 61] |

　　After consideration of Defendant Cintas Corporation and Plaintiff Tomamex Tijuana, Inc.'s [Third] Joint Motion to Continue Discovery, Pretrial and Trial Dates (ECF No. 61) and all supporting papers filed therewith and good cause appearing therefore:

　　IT IS HEREBY ORDERED that Defendant Cintas Corporation and Plaintiff Tomamex Tijuana, Inc.'s Joint Motion to Continue Discovery, Pretrial and Trial Dates is granted in part. For good cause shown, the following dates shall govern the case schedule in this action:

1. All fact discovery must be completed by all parties on or before <u>October 7, 2011</u>. All expert discovery must be completed by all parties on or before <u>October 21, 2011</u>. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Federal Rule of Civil Procedure 45, must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response, as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. **A failure to comply in this regard will result in a waiver of a parties discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. All other dispositive motions, including those addressing Daubert issues, must be filed on or before <u>December 2, 2011</u>. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia. **<u>Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge</u>**

**to another. Please plan accordingly.** For example, you should contact the judge's law clerk in advance of the motion cutoff to calendar the motion. Failure to timely request a motion date may result in the motion not being heard.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

3. The settlement conference set for <u>August 11, 2011, at 2:00 p.m.</u> shall be continued to <u>December 19, 2011, at 1:30 p.m.</u> A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

1  If Plaintiff is incarcerated in a penal institution or other
2 facility, the Plaintiff's presence is not required at conferences
3 before Judge Brooks, and the Plaintiff may participate by
4 telephone.  In that case, defense counsel is to coordinate the
5 Plaintiff's appearance by telephone.
6  **Confidential written settlement statements for the mandatory**
7 **settlement conference shall be lodged directly in the chambers of**
8 **Judge Brooks no later than five court days before the mandatory**
9 **settlement conference.**  The statements need not be filed with the
10 Clerk of the Court or served on opposing counsel.  The statements
11 will not become part of the court file and will be returned at the
12 end of the conference upon request.  Written statements may be
13 lodged with Judge Brooks either by mail or in person.
14  Any statement submitted should avoid arguing the case.
15 Instead, the statement should include a neutral factual statement
16 of the case, identify controlling legal issues, and concisely set
17 out issues of liability and damages, including any settlement
18 demands and offers to date and address special and general damages
19 where applicable.
20  If appropriate, the Court will consider the use of other
21 alternative dispute resolution techniques.
22  4.  Counsel shall make their Pretrial Disclosures required by
23 Federal Rule of Civil Procedure 26(a)(3) on or before <u>February 29,</u>
24 <u>2012</u>.
25  Despite the requirements of Local Rule 16.1(f), neither party
26 is required to file Memoranda of Contentions of Fact and Law at any
27 time.  The parties shall instead focus their efforts on drafting
28 and submitting a proposed pretrial order by the time and date

specified by Local Rule 16.1(f)(7)(b).  This order replaces the requirements under Local Rule 16.1(f)(6)(c).

    5.   The parties must meet and confer on or before <u>March 7, 2012</u>, and prepare a proposed pretrial order containing the following:

        A.  A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

        B.  A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

        C(1).  A list, in alphabetical order, of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

        C(2).  A list, in alphabetical order, of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

        C(3).  A list, in alphabetical order, of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

       D(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

       D(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

       E. A statement of all facts to which the parties stipulate. This statement must be on a separate page and will be read to and provided to the jury.

       F. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial in lieu of live testimony.

   The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. Judge Battaglia will entertain any questions concerning the conduct of the trial at the pretrial conference."

   6. The proposed final pretrial conference order, including objections to any party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the Clerk of the Court on or before <u>March 14, 2012</u>. Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

   7. The final pretrial conference shall be held before the Honorable Anthony J. Battaglia, United States District Judge, on <u>March 23, 2012, at 1:30 p.m.</u> A trial shall begin at or before the pretrial conference.

8. The dates and times set forth herein will not be modified except for good cause shown.

9. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

Dated: June 24, 2011

RUBEN B. BROOKS
United States Magistrate Judge

cc: All Parties of Record